ORDER
WRIT GRANTED AND MADE PEREMPTORY:
La.C.Cr.P. art. 701(D), providing for a one hundred twenty day delay in a *715 felony ease for the commencement of trial after the filing of a Motion For Speedy Trial does not contemplate the commencement of the delays for trial beginning prior to institution of prosecution and arraignment. No trial can commence until after prosecution has been instituted and the defendant has entered a plea. Prior to arraignment, the accused is protected from extended delays in the institution of prosecution and arraignment by the time limits provided in La.C.Cr.P. art. 701(B) and (C). Should a Motion For Speedy Trial be filed prior to arraignment, it shall be deemed to have been filed, for the purpose of beginning the delays for commencement of trial, on the date of arraignment and the delays for commencement of trial will begin running from the date of arraignment. If the Motion For Speedy Trial is filed after arraignment, the time delays for commencement of trial shall begin running from the date of the filing of the Motion. For these reasons, we find that the trial court erred in granting defendant’s Motion For Habeas Corpus and in ordering him released without bail.
The delay within which trial can commence will be suspended, from the time the Trial Court ruled on the Motion For Habeas Corpus until the judgment on relator’s writ application becomes final.
Upon the judgment on this writ application becoming final, the Trial Court is ordered to issue an order for relator to be returned to the custody of the Sheriff of Calcasieu Parish, Louisiana, subject to his making bond in accordance with law, to await further proceedings in this matter.